PROB 12C
(6/16)

Report Date: November 1, 2021

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 01, 2021

SEAN F. MCAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: James Edward Kensler | Case Number: 0980 2:18CR00096-WFN-1 |
| Address of Offender: | Cheney, Washington 99004 |

Name of Sentencing Judicial Officer: The Honorable Wm. Fremming Nielsen, Senior U.S. District Judge

Date of Original Sentence: June 25, 2020

| | | |
|---|---|---|
| Original Offense: | Domestic Assault by Habitual Offender in Indian County, 18 U.S.C. § 117 | |
| Original Sentence: | Prison - 33 months<br>TSR - 36 months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | U.S. Attorneys Office | Date Supervision Commenced: October 13, 2021 |
| Defense Attorney: | Andrea K. George | Date Supervision Expires: October 12, 2024 |

## PETITIONING THE COURT

To issue a warrant.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition #3**: You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.<br><br>**Supporting Evidence**: It is alleged that Mr. Kensler left the federal judicial district without the permission of the Court, or his assigned U.S. probation officer, on or about October 15, 2021.<br><br>On October 13, 2021, Mr. Kensler participated in a supervision intake at the U.S. Probation Office. On that date, the mandatory, standard and special conditions of supervised release were reviewed. Mr. Kensler signed a copy of the conditions of supervision acknowledging an understanding of his conditions.<br><br>On October 16, 2021, the undersigned received information from the Sparks Police Department that Mr. Kensler was the suspect in an assault case. On October 18, 2021, while initially being deceitful, Mr. Kensler admitted that he left the federal judicial district on October 15, 2021, to go to Nevada for the purpose of attending a concert. It should be noted no charges were filed in respect to the aforementioned assault. |

Prob12C
Re: Kensler, James Edward
November 1, 2021
Page 2

2     **Special Condition #5**: You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

**Supporting Evidence**: It is alleged that Mr. Kensler consumed alcoholic beverages on or about October 16, 2021.

On October 13, 2021, Mr. Kensler participated in a supervision intake at the U.S. Probation Office. On that date, the mandatory, standard and special conditions of supervised release were reviewed. Mr. Kensler signed a copy of the conditions of supervision acknowledging an understanding of his conditions.

On October 18, 2021, the undersigned spoke with Mr. Kensler in respect to his law enforcement contact on October 16, 2021. It was at that time Mr. Kensler admitted that he left the district and he consumed alcoholic beverages on or about October 16, 2021.

3     **Mandatory Condition #3**: You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**Supporting Evidence**: It is alleged that Mr. Kensler used a controlled substance on or about October 16, 2021.

On October 13, 2021, Mr. Kensler participated in a supervision intake at the U.S. Probation Office. On that date, the mandatory, standard and special conditions of supervised release were reviewed. Mr. Kensler signed a copy of the conditions of supervision acknowledging an understanding of his conditions.

On October 18, 2021, Mr. Kensler reported to Pioneer Human Services (PHS) as directed for the purpose of providing a urinalysis specimen. Mr. Kensler's urinalysis specimen tested presumptive positive for methamphetamine and the sample was sent to the contracted toxicology laboratory for a confirmation. After departing PHS, Mr. Kensler contacted the undersigned and stated that he "may have" used methamphetamine but was uncertain due to the excessive amount of alcohol he consumed, though he eventually admitted to using methamphetamine last on or about October 16, 2021. On October 27, 2021, the aforementioned urinalysis specimen was confirmed positive for methamphetamine from the laboratory.

4     **Standard Condition #2**: After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

**Supporting Evidence**: It is alleged that Mr. Kensler failed to report to the probation officer as instructed on or about October 26, 2021.

On October 13, 2021, Mr. Kensler participated in a supervision intake at the U.S. Probation Office. On that date, the mandatory, standard and special conditions of supervised release were reviewed. Mr. Kensler signed a copy of the conditions of supervision acknowledging an understanding of his conditions.

On October 26, 2021, the undersigned spoke with Mr. Kensler via telephone. In response to his recent noncompliance, Mr. Kensler was directed to report to the U.S. Probation Office at the agreed upon time of 3 p.m. Mr. Kensler failed to show to the U.S. Probation Office as directed nor did he contact the undersigned in any manner. Attempts to contact Mr. Kensler since October 26, 2021, have gone unreturned and it appears he is evading supervision.

5     **Standard Condition #7**: You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Supporting Evidence**: It is alleged that Mr. Kensler changed his employment status on or about October 21, 2021, without notifying his probation officer in any manner.

On October 13, 2021, Mr. Kensler participated in a supervision intake at the U.S. Probation Office. On that date, the mandatory, standard and special conditions of supervised release were reviewed. Mr. Kensler signed a copy of the conditions of supervision acknowledging an understanding of his conditions.

On November 1, 2021, the undersigned contacted Mr. Kensler's previously reported employer, The Coeur d'Alene Window Company. It was at that time the undersigned ascertained that Mr. Kensler's employment with The Coeur d'Alene Window company was terminated on October 21, 2021. Mr. Kensler has failed to report any change in his employment status to the undersigned as of this writing.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   11/01/2021

s/Jonathan C. Bot

Jonathan C. Bot
U.S. Probation Officer

Prob12C  
Re: Kensler, James Edward  
November 1, 2021  
Page 4

## THE COURT ORDERS

[ ]  No Action  
[X]  The Issuance of a Warrant  
[ ]  The Issuance of a Summons  
[ ]  Other

_____  
Signature of Judicial Officer

11/1/2021  
Date